The final matter to be argued on today's calendar is Klein v. Zougabi et al. 201975. And I understand that Mr. Klein will be arguing on his own behalf. Is that correct, Mr. Klein? Yes, Your Honor. Thank you, Your Honor. May it please the Court. Let me just ask you at the outset, are you an attorney? Are you a practicing attorney? Are you a licensed attorney? I expected that. Your Honor, I am an attorney in good standing in the great state of New Jersey, in state and federal courts. I am not admitted in the state of New York in either state or federal courts. Over time, I was admitted in federal courts, but this Court decided that I shouldn't be admitted while I was in the union. We are on your behalf, so please proceed. Thank you very much, Your Honor. Sir, John Dahlberg Acton is best known for his remark, power tends to corrupt and absolute power corrupts absolutely. In this case, absolute immunity tends to corrupt and absolute immunity corrupts absolutely. This case is about immunity of an assistant district attorney and two police officers. The news has been very painfully clear about immunity of police officers recently. They don't have absolute immunity anymore, thank God. Immunity from liability only occurs when the actors, the police officers, and the assistant district attorney in this case were acting in their authority. There's no question that there's no immunity for a prosecutor's investigative acts, as this Court knows in Imbler v. Packman, or any act not related to the actual prosecution. The fact finder must be allowed to determine the extent that the assistant district attorney and the police officers acted, not regarding prosecution, but in either their investigation, or in this case, as assisting the United Parcel Service in recovering packages. That has to be highlighted, because this was simply a good old boy act between an ex-police officer, who now worked for United Parcel Service, and he called up his buddies in the Spring Valley Police Department and said, hey, can you help me? I gotta get these packages back. If it was a crime, they should have held on to the packages. They didn't. They gave the packages to UPS. There's no evidence. That's outside a police act. It's outside of a criminal prosecution to give away evidence. That's the violation. The convictions were reversed, especially the false arrest was reversed because the appellate term said that the factual allegations contained therein failed to allege facts sufficient to establish, if true, the lawfulness of the arrest. I pled the 1983 causes of action in my amended complaint because these actors were acting under the color of law. Their behavior, individually or separately, was not involved in the preparation for trial, and it was not intimately associated with the judicial phase of criminal process in the state. They never intended to retain critical evidence, and the district court's decision should be reversed. Am I right that with respect to the police officers, Mr. Klein, they were not served with the summons? That's not correct, your honor. There was an allegation that Del Tempo was not properly served because I believe he was dismissed, but Sergieli was properly served, and that issue, I believe, is not an issue. He is properly served and participated. They all participated through counsel, and I believe and I argued previously that that was a waiver. How was he properly served? He was served through the police department. They were employees, police officers in the Spring Valley Police Department. But he wasn't served. He served the police department. Yes, your honor, for as far as Del Tempo goes. What was there that says if you're suing someone individually, which you are, that you could serve them through their employer? Well, there is in New York, as your honor knows, there's the person of a suitable age and discretion can accept service on behalf of another at their place of residence or work at the CPLR. 302, I think. I just don't know. It's been a while. But anyway, there's a recent case regarding the property, which I found interesting. It was decided in January. It's called City of Chicago v. Fulton. I don't have much time left, but City of Chicago v. Fulton was actually a bankruptcy case. Interestingly, we started off with a bankruptcy case. But it made it a distinction between the active retention of property and the passive retention of property. And the case started out as kind of a debtor-creditor relationship. The packages were retained as I was a judgment creditor, just like there was no criminal prosecution of the repo man when he takes your neighbor's car at 3 o'clock in the morning or the pawn shop who New York City Police Department that there was a possessory interest through a valid judgment. The defendants, Bell Temple and Sorgielli, did call the alleged defendant district attorney, and she did investigate the charges that could be brought against the appellant for the purposes of a felony prosecution without any packages, without knowing the value of the what was in the packages. But somebody investigated it was a felony. There's no conviction of a felony. There was no charges of a felony. It's malicious prosecution and the false arrest is the action that needs to be addressed in 1983, cause of action that was alleged in the district court. Absolute immunity doesn't apply when a officer of the court, but instead engaged in investigative or administrative tasks. And that's what happened here. And that's why the court should reverse the district court's case. Thank you. Thank you. So we'll hear from Mr. Weissman and then Mr. Sarkaloff. Thank you. Good morning. May it please the court. Robert Weissman's to rescue Cassandra for Applebee and Perrietti. I think, as Mr. Klein indicated in his argument, the issues of sovereign immunity, various time bars are not an issue in this case. It really comes down to ADA Perrietti, the one telephone call. I don't think that there can be any serious disagreement that pursuing the appeal and pursuing the prosecution are entitled to absolute immunity. As to the telephone call, there are two prongs to that. Initially, there's the larceny charge and there's a resisting arrest charge. The larceny charge, Mr. Klein does not dispute, did not terminate in his favor, it ended in ACD, which as a matter of law is not in his favor because it does not indicate innocence. So to the extent that ADA Perrietti gave any advice or supposedly investigated charging him, which is really evaluation of police evidence, which is also entitled to absolute immunity, to the extent that that claim relates to the larceny charge, it fails because there was no termination in Mr. Klein's favor. To the extent that it relates to the resisting arrest charge, the complaint or the amended second amended complaint does not plausibly plead that ADA Perrietti's actions related to the resisting arrest charge because the arrest had not been attempted at that point. She could not temporarily have investigated a resisting arrest charge when no arrest had been attempted. Therefore, the only plausible reading of the amended second amended complaint is that her supposed investigation and dealt with the larceny charge as to which there was no favorable termination. Therefore, there are no viable causes of action against ADA Perrietti. I'm a little confused. I thought that in your brief you relied in connection with the ADA Perrietti on the principle of absolute immunity. That is correct. And we do also argue that the evaluation of police evidence and formulation of charges is entitled to absolute immunity. However, at page 40 of our brief, we did also argue that the investigation, such as it is that Mr. Klein characterized it as, even if you accept that characterization, which we don't, that the investigation could not have been into the resisting arrest charge because no arrest had been attempted. You can't investigate an event that has not occurred. Well, I guess I'm focused on the larceny charge first. Your argument today is that the district court decision should be affirmed because there was no favorable termination as to that charge. Yes, and that was another argument. Is that an alternative argument to the absolute immunity argument? I'm sorry? Is that an alternative argument to the absolute immunity argument? No, that's in addition to the absolute immunity argument. I think there can be no prosecution posing Mr. Klein's appeal, anything associated with courtroom functions. And Mr. Klein did not argue that this morning. The termination not being in his favor and ending in an ACD, as he conceded in his brief, deals solely with the issue of the call to ADA Perrietti and Mr. Klein's claim, or his characterization of that as an investigative act. And our alternative argument to the application of absolute immunity is that even if you consider that... So you do not concede that that is an investigative act? I'm sorry? You don't concede that that is an investigative act? No, no. So if the prosecutor picks up the phone and during that conversation makes some preliminary determination about whether a crime may have been committed, that is that is not an investigative act? No, Your Honor. It's well established that the evaluation of evidence gathered by the police for the formulation of charges is an act of a prosecutorial function and it's entitled to absolute immunity. And it's our contention that that's exactly what that was. ADA, I'm sorry, a police officer, Belle Tempo, called the ADA, said here's what's been going on, what do I charge him with? And she evaluated that evidence, formulated a charge, and then he went and attempted the arrest. That's an act of a prosecutorial function that's entailed to absolute immunity. However, as an alternative argument, even if you were to accept Mr. Klein's characterization of that telephone call as an investigative act, and there's nothing to investigate that point, the investigation had been completed. But even if you consider that, it could only have been in connection with larceny charge as to which there was no favorable termination. Okay, now I understand. Well, thank you very much. Thank you. Mr. Esocolo. May it please the court. The court below was correct and it's not disputed that service was not properly made on Scorziello or Belle Tempo. That's the end of the case. And not only is it the end of the case in the district court, but it's the end of the case in this court because the appellant's brief, which by the way, was written by his retained counsel and signed by retained counsel, doesn't challenge that issue. Service, lack of service, not mentioned at all. So if there's been any waiver of anything here, that issue has been waived on appeal. And if the court has no other questions, I'm happy to rest on my brief. Thank you very much. Mr. Klein, you've got some time for rebuttal. Thank you very much, Madam. Just very quickly. The simplistic recitation of that it was a single phone call was false. There was a district attorney who prosecuted the case, prosecuted two charges, prosecuted a larceny charge. Grand larceny. The ACD was not on the charge of grand larceny. The ACD was on petty larceny. It's a different charge. It was not concluded in my favor. The grand larceny was concluded in my favor. The ACD was for the petty larceny. To get rid of the case. The false arrest was concluded in my favor. The prosecutorial investigation includes also the trial investigation that was required to prosecute. Thank you, Your Honors. I would ask that it be reversed. Thank you very much for the decision. I do apologize. I feel I have to correct the misstatement of fact just now, if I may. Yes. With regard to the larceny charge, as indicated in the appellate term's decision, it was not the petty larceny charge to which the ACD applied. The appellate term reinstated the grand larceny charge they found it had been improperly reduced to petty larceny. It was the grand larceny charge. Thank you very much. The case is submitted. We'll reserve the decision.